580

DAVID BLUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BESSIE BLUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52220, 52221.  Promulgated December 15, 1933.

*Paul E. Shorb, Esq.*, and *M. P. Wormhoudt, Esq.*, for the petitioners.

*John D. Kiley, Esq.*, for the respondent.

582

584

OPINION.

SMITH: The questions in issue in these proceedings are:

(1) The amounts of gain realized by petitioners in 1924 from the redemption of certain shares of first preferred stock of the Great Western Smelting & Refining Co.

(2) The amount of taxable gain realized by Bessie Blum in 1925 from the redemption of the balance of her holdings of first preferred stock of the Great Western Smelting & Refining Co. for cash and stock of the Federated Metals Corporation.

In their income tax returns for 1924 David Blum reported a profit of $124,645.49 from the redemption of 1,452 shares of first preferred stock of Great Western and Bessie Blum a profit of $56,364 from the redemption of 1,680 shares of first preferred stock of the same company. In her income tax return for 1925 Bessie Blum reported a profit of $11,368.10 from the redemption of 302 shares of first preferred stock of Great Western, but did not report any gain or loss from the redemption of the balance of her holdings of first preferred stock of that company for shares of stock of Federated Metals.

The contention of the petitioners in these proceedings is that there was a partial liquidation of Great Western in 1924 and that they are liable to income tax in respect of the profits which they received upon such liquidation; that the basis for the computation of that profit under section 204 has been stipulated and that the amount of their gains is the excess of the cash received over the cost to them of the shares redeemed. The respondent's contention, on the other hand, is that, pursuant to a reorganization, Great Western in 1924 distributed cash to its shareholders and that under section 203 (d) (1) of the Revenue Act of 1924 account must be taken of distributions to the shareholders in 1925 as well as in 1924 in the determination of the gain realized by the petitioners in 1924; that upon such

computations all of the cash received by the petitioners in 1924 from the redemption of their first preferred shares constitutes taxable income to them in that year.

With respect to the tax liability of Bessie Blum for 1925, the respondent contends that she realized a taxable profit in 1925 of the total amount of cash received in that year on the redemption of the balance of her first preferred stock.

From an analysis of the Revenue Act of 1924 it will be noted that section 201 is concerned with the method of computing gains and losses from " distributions by corporations." Subdivisions (c) and (g) provide:

(c) Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 202, but shall be recognized only to the extent provided in section 203. In the case of amounts distributed in partial liquidation (other than a distribution within the provisions of subdivision (g) of section 203 of stock or securities in connection with a reorganization) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subdivision (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation.

\*     \*     \*     \*     \*     \*     \*

(g) As used in this section the term " amounts distributed in partial liquidation " means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.

Section 202 is concerned with the " DETERMINATION OF AMOUNT OF GAIN OR LOSS " from the sale or other disposition of property. Section 203 is concerned with the " RECOGNITION OF GAIN OR LOSS FROM SALES AND EXCHANGES." The pertinent provisions of this section are as follows:

SEC. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.

\*     \*     \*     \*     \*     \*     \*

(b) (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

(3) No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.

\*     \*     \*     \*     \*     \*     \*

(d) (1) If an exchange would be within the provisions of paragraph (1), (2), or (4) of subdivision (b) if it were not for the fact that the property

received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

(2) If a distribution made in pursuance of a plan of reorganization is within the provisions of paragraph (1) but has the effect of the distribution of a taxable dividend, then there shall be taxed as a dividend to each distributee such an amount of the gain recognized under paragraph (1) as is not in excess of his ratable share of the undistributed earnings and profits of the corporation accumulated after February 28, 1913. The remainder, if any, of the gain recognized under paragraph (1) shall be taxed as a gain from the exchange of property.

(e) If an exchange would be within the provisions of paragraph (3) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange * * *.

Section 204 provides the "BASIS FOR DETERMINING GAIN OR LOSS, DEPLETION, AND DEPRECIATION." It is unnecessary to discuss the provisions of this section since the parties have stipulated the basis for the computation of the gains received by petitioners in the taxable years.

So far as the year 1924 is concerned we need concern ourselves only with the applicability of section 203 (d) of the Revenue Act of 1924. The respondent contends that inasmuch as Great Western distributed most of the cash which it received from Federated Metals in 1924 to the first preferred stockholders of Great Western in redemption of a part of their shares, Great Western was not liable to income tax under section 203 (e) (1). The assumption is then made that inasmuch as the first preferred stockholders received the cash distributed they must be liable to income tax upon a different basis from that which would apply if there had been no reorganization of Great Western.

Even if the redemption of the first preferred stock in 1924 might be regarded as a distribution pursuant to a reorganization of Great Western, it does not follow that the distributions made by Great Western to its stockholders in 1925 have a bearing upon the computation of these petitioners' incomes for 1924. Manifestly, these petitioners may not be held liable to income tax in 1924 in respect of amounts which were distributed to them in 1925. Under section 203 (d) (1) a taxpayer is not liable to income tax except upon "property received." These petitioners received cash in 1924 in exchange for certain shares of first preferred stock of Great Western. Clearly

they parted with something in 1924. What they parted with cost them something. The basis for the computation of the gain realized by the petitioners in 1924 from the redemption of their preferred stock has been stipulated. The petitioners are not denying that they are liable to income tax for 1924 in respect of the profits realized by them from the redemption of their preferred stock in that year. We are of opinion that the claim of the respondent that the petitioners realized profits in excess of that amount is without merit.

It will be noted from our findings that it has been stipulated that a portion of the amount received by the petitioners in 1924 from the redemption of their shares represents a dividend by Great Western. Apparently the petitioners and the respondent have treated the entire amount received by each petitioner as a distribution in redemption of the shares. The record does not show whether a portion of the amount received equivalent to $2 per share of stock redeemed represents a dividend paid out of earnings accumulated by Great Western subsequent to February 28, 1913. The petitioners have alleged no error on the part of the respondent in treating the entire profit received by them on the redemption of their shares as consisting of capital gain. In the absence of evidence upon the point or any allegation of error in respect thereto we do not pass upon the question as to whether the stipulated amount of $2 per share represents a dividend paid out of earnings accumulated subsequent to February 28, 1913.

So far as the tax liability of Bessie Blum is concerned for 1925, it appears that in 1925 she exchanged the balance of her first preferred shares in Great Western for cash and shares of stock of Federated Metals. Upon the facts in this case it is immaterial whether the deficiency be computed under section 201 of the statute or under section 203 (d) (1), for if computed under the last named section the profit which she realized was less than the amount of cash received. We therefore find it unnecessary to determine whether the cash and shares of Federated Metals turned over to her in 1925 in redemption of her first preferred shares represented a distribution pursuant to a reorganization of Great Western or not. Since the evidence does not show whether the dividend of $6 per share received on the shares redeemed in cash was from earnings accumulated by Great Western subsequent to February 28, 1913, and since there is no allegation of error upon the point, it is unnecessary for us to pass upon the question of the correctness of the treatment accorded the item by the petitioner and by the respondent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

GOODRICH dissents.